FILED
U.S. District Court
District of Kansas
08/11/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3245-JWL**

**KVOE, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Malik W. Dorsey is hereby required to show good cause, in writing to the undersigned, why this matter should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff brings this action against KVOE and its news anchor. Plaintiff claims that on December 18, 2024, he was arrested for a crime he did not commit and was publicly humiliated and embarrassed, leaving him with PTSD. (Doc. 1, at 2.) Plaintiff claims wrongful incarceration; public defamation, and public humiliation. *Id*. Plaintiff claims he was "blasted/slandered on KVOE" without his permission over a crime he did not commit. *Id*. at 4.

Plaintiff seeks to have his charges dropped in Saline County; 5000 pounds of 24K rose gold; $400 trillion USD; "release Ryan Shepard sentence out of tcf";and his criminal history expunged. *Id*. at 5.

Plaintiff filed a motion for relief (Doc. 7) that apparently seeks to update his request for relief. His list of updated requests includes: to shut down the KDOC and rename it "KCI" for Kansas Corrections Institution; firing Polly Page and Cheri Crisp and having their licenses permanently revoked; $999 trillion for every hour spent in jail; two large pepperoni pizzas from Dominos allowed in segregation and 60 chicken tenders from Hardees "monitored by [him] & an FBI agent as its [sic] being made"; $1,000 on a tablet every week funded by the state with skull candy headphones/earbuds allowed in seg; $600 in commissary every two weeks; food in seg; ice once a day; milk three times a day; his charges dropped at a status hearing 14 days after he wins this case; a transfer to LYCSO; his criminal history sealed; a star from NASA; a job in the Kansas Bureau of Narcotics 60 days after he is released; 200 million of each birth stone; 10 million pounds of silver; 200 million pure pearls; a million pounds of rose gold; a million pounds of pure gold; a job in the U.S. District Court six months after he is released; the biggest dictionary; any Mexican not from America deported; withdrawal of the Gold Card; a book on Albert Einstein; and a book on Malcolm X. (Doc. 7, at 1–2.)

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and

*Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted). Plaintiff has named KVOE and its news anchor as defendants. KVOE appears to be a radio station.[1] Nothing in Plaintiff's Complaint suggests that the station or its employees are state actors.

---

[1] *See* https://kvoe.com/ (last visited August 10, 2026).

Claims based on defamation, public humiliation, or false accusations fail to provide a federal claim for relief. Plaintiff fails to allege how these claims violated his constitutional rights or provide for a federal cause of action. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74.

Claims for slander and defamation are state law claims. *See Marcus v. Swanson*, 317 Kan. 752, 755–56 (2023) (noting that in Kansas defamation developed as part of the common law and has two variants—libel and slander). It is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). Plaintiff must state a federal constitutional violation. *See D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

At this stage of the proceedings, it does not appear that Plaintiff has stated a federal constitutional violation. Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations omitted); *see also Foxfield Villa*

*Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.") (citation omitted); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).

To the extent Plaintiff seeks to be released, to have his charges dropped, or to have his criminal history expunged, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim. The failure to respond by the deadline will result in the dismissal of this matter without additional prior notice.

Plaintiff's Motion for Relief (Doc. 7) sets forth his updated request for relief in this case. Plaintiff's Complaint is subject to dismissal. To the extent Plaintiff seeks any current relief in the motion, it is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **September 11, 2026,** to show good cause, in writing to the undersigned, why this case should not be dismissed for the reasons set forth in this Memorandum and Order. The failure to respond by the deadline will result in the dismissal of this matter without additional prior notice.

**IT IS FURTHER ORDERED** that to the extent Plaintiff seeks any current relief in his Motion for Relief (Doc. 7), the motion is **denied.**

**IT IS SO ORDERED**.

**Dated August 11, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**