FILED
U.S. District Court
District of Kansas
09/14/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3245-JWL**

**KVOE, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On August 11, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") ordering Plaintiff to show good cause why this case should not be dismissed for failure to state a claim. The Court also denied Plaintiff's motion seeking to add to his request for relief.[1] This matter is before the Court on Plaintiff's response to the MOSC (Doc. 9).

Plaintiff brings this action against KVOE and its news anchor. Plaintiff claims that on December 18, 2024, he was arrested for a crime he did not commit and was publicly humiliated and embarrassed, leaving him with PTSD. (Doc. 1, at 2.) Plaintiff claims wrongful incarceration; public defamation, and public humiliation. *Id.* Plaintiff claims he was "blasted/slandered on KVOE" without his permission over a crime he did not commit. *Id.* at 4. Plaintiff seeks to have his charges dropped in Saline County; 5000 pounds of 24K rose gold; $400 trillion USD; "release Ryan Shepard sentence out of tcf";and his criminal history expunged. *Id.* at 5.

---

[1] Plaintiff sought to add various forms of relief, including shutting down the Kansas Department of Corrections and renaming it, firing various people and having their licenses revoked, $999 trillion dollars for every hour spent in jail, Domino's pepperoni pizzas and Hardees' chicken nuggets allowed in segregation, a star from NASA, a job in the Kansas Bureau of Narcotic, a job with this Court, and various amounts of birth stones, pearls, silver, and gold. (Doc. 7, at 1–2).

Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).

The Court found in the MOSC that Plaintiff failed to name a state actor. The Court found that Plaintiff named KVOE and its news anchor as defendants. KVOE appears to be a radio station.[2] Nothing in Plaintiff's Complaint suggests that the station or its employees are state actors.

The Court also found that claims based on defamation, public humiliation, or false accusations fail to provide a federal claim for relief. Plaintiff fails to allege how these claims violated his constitutional rights or provide for a federal cause of action. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Court also found that claims for slander and defamation are state law claims. *See Marcus v. Swanson*, 317 Kan. 752, 755–56 (2023) (noting that in Kansas defamation developed as part of the common law and has two variants—libel and slander). It is well-settled that state

[2] *See* https://kvoe.com/ (last visited September 14, 2026).

law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). Plaintiff must state a federal constitutional violation. *See D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

The Court found in the MOSC that to the extent Plaintiff seeks to be released, to have his charges dropped, or to have his criminal history expunged, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. In his response, Plaintiff states that his case should not be dismissed because he was apprehended on December 18, 2026, "as if [he was] a criminal for a crime [he] did not commit." (Doc. 9, at 1.) He again claims that he was blasphemed over something he did not do. *Id*. He claims that Defendants jeopardized his mental health. *Id*. Plaintiff attaches a document

that states "Motion for Change of Venue due to conflict of interest" and includes the case number of his criminal case. *Id*. at 2. The page is blank except for the title. *Id*.

Plaintiff has failed to address any of the deficiencies noted in the MOSC. He fails to address the fact that he has failed to name a state actor as a defendant and he has failed to allege facts supporting a federal claim for relief. This case is dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 14, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**